08-4599-cv
Ehrlich v. The Incorporated Village of Sea Cliff

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of August, two thousand ten.

PRESENT:

>  JOSEPH M. McLAUGHLIN,
>  GUIDO CALABRESI,
>  DEBRA ANN LIVINGSTON,
>    *Circuit Judges.*

_____

ROBERT EHRLICH, 100 ROSLYN AVENUE LLC, and
SEA CLIFF COFFEE COMPANY, INC.,

  *Plaintiffs-Appellants*,

  v.                                                    08-4599-cv
                                                        Summary Order
THE INCORPORATED VILLAGE OF SEA CLIFF,
EILEEN  KRIEB, individually and as Mayor of the
Village of Sea Cliff and as former Village Trustee,
CLAUDIA  MOYNE, individually and as former Mayor
of the Village of Sea Cliff,  RICHARD A. SIEGEL,
individually and as Village Attorney for the Village of
Sea Cliff,  THE BOARD OF TRUSTEES FOR THE
INCORPORATED VILLAGE OF SEA CLIFF,  PAUL
MARCHESE,  PETER  HAYES,  ROBERT  HAIM and
ELENA  VILLAFANE, individually and constituting the
Board of Trustees, THE ZONING BOARD OF APPEALS
OF THE INCORPORATED VILLAGE OF SEA CLIFF,
GEORGE  BEVAD, THOMAS  POWELL,  JOHN
BRADY, DINA  EPSTEIN, JAMES O`DONNELL, and
PATRICIA  HARRIGAN, individually and constituting
current and former members of the Board of Zoning

Appeals, THE PLANNING BOARD FOR THE INCORPORATED VILLAGE OF SEA CLIFF, JOHN D. NAGY, FRED EDER, GERARD IZZO, NORMAN PARSONS and LAURIE MARTONE, constituting the current members of the Planning Board, and DAVID DERIENZIS and JEFFREY MONGNO, individually and as current and former Building Inspectors for the Incorporated Village of Sea Cliff,

*Defendants-Appellees*.

---

Adam Francois Watkins (Stephanie F. Bradley and Clifford Y. Chen, *on the brief*), Watkins, Bradley & Chen LLP, New York, NY, (Andrew Paul Cooper and Jonathan M. Cader, Hession, Bekoff, Cooper & Lopiccolo, LLP, Garden City, NY, *on the brief*), *for Plaintiffs-Appellants*.

Jonathan C. Sullivan (Mark S. Mulholland, *on the brief*), Ruskin Moscou Faltischek, P.C., Uniondale NY, *for Defendants-Appellees The Incorporated Village of Sea Cliff, Eileen Krieb, Claudia Moyne, Paul Marchese, Peter Hayes, Robert Haim, Elena Villafane, George Bevad, Thomas Powell, John Brady, Dina Epstein, James O'Donnell, Patricia Harrigan, John D. Nagy, Fred Eder, Gerard Izzo, Norman Parsons, Laurie Martone and Jeffrey Mongno*.

Stanley A. Camhi, Jaspan Schlesinger LLP, Garden City, NY, *for Defendant-Appellee Richard A. Siegel*.

Michael L. Cirrito, White, Cirrito & Nally, LLP, Hempstead, NY, *for Defendant-Appellee David DeRienzis*.

Thaddeus Rozanski (Andrew J. Mihalick, *on the brief*), Kral, Clerkin, Redmond, Ryan, Perry & Girvan, LLP, Mineola, NY, *for Defendants-Appellees The Board of Trustees, The Zoning Board of Appeals, and The Planning Board for the Village of Sea Cliff*.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs-Appellants appeal from the August 18, 2008 order of the United States District Court for the Eastern District of New York (Wexler, *J.*), granting the motion of Defendants-Appellees for attorney's fees as to all Defendants with the exception of Paul Marchese ("Marchese"), Claudia Moyne ("Moyne"), and the Village of Sea Cliff ("Village"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

Attorney's fees may be awarded to a successful defendant in a civil rights action pursuant to 42 U.S.C. § 1988 where the underlying claim is "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." *Rounseville v. Zahl*, 13 F.3d 625, 632 (2d Cir. 1994) (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986)). "Though a showing that the plaintiff acted in bad faith will further support an award under section 1988, the determination generally turns on whether the claim itself is clearly meritless." *Id.* "A claim is frivolous when it lacks an arguable basis either in law or in fact." *Shakur v. Selsky*, 391 F.3d 106, 113 (2d Cir. 2004) (internal quotation marks omitted). "The determination as to whether a claim was frivolous, unreasonable, or groundless is not a purely factual inquiry. . . . Thus, such a determination is ordinarily reviewed . . . for abuse of discretion." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 765, 770 (2d Cir. 1998).

This Court has cautioned that:

> Certain types of judicial rulings strongly indicate that a plaintiff's claim should not be deemed frivolous . . . . For example, a court cannot properly consider a claim to be frivolous on its face if it finds that the plaintiff must be allowed to litigate the claim. Nor may a claim properly be deemed groundless where the plaintiff has made

a sufficient evidentiary showing to forestall summary judgment and has presented sufficient evidence at trial to prevent the entry of judgment against him as a matter of law.

*Id.* at 770-71 (internal citations omitted). It would be inappropriate, for example, for a district court to base a finding of frivolousness upon the fact that a plaintiff's "witness is disbelieved or an item of evidence is discounted, disproved or disregarded at trial." *Am. Fed'n of State, Cnty. & Mun. Emps. v. Cnty. of Nassau*, 96 F.3d 644, 652 (2d Cir. 1996) ("*AFSCME*"); *see also Figures v. Bd. of Pub. Utils.*, 967 F.2d 357, 362 (10th Cir. 1992) (noting that a plaintiff cannot be expected to "anticipate adverse evidentiary rulings and dismiss a defendant prior to trial or risk being held liable for attorney's fees"). Nevertheless, even a plaintiff who presents a case sufficient to survive summary judgment is not immunized from a potential award of attorney's fees to an ultimately successful defendant. *Compare AFSCME*, 96 F.3d at 651-53 (reversing attorney's fees award in favor of defendant where district court premised its finding of frivolousness in part on the judge's conclusion that the plaintiff's statistical analysis and expert testimony were flawed, a conclusion only possible "based on determinations . . . the district court arrived at with the benefit of effective cross-examination and the counterweight of the [defendant's] experts and studies"), *with Gerena-Valentin v. Koch*, 739 F.2d 755, 761 (2d Cir. 1984) (upholding award of attorney's fees where "[a]t no time . . . did [plaintiff] attempt to produce any evidence whatsoever in support of his retaliation and conspiracy claim"), *and Carrion v. Yeshiva Univ.*, 535 F.2d 722, 728 (2d Cir. 1976) (upholding award of attorney's fees under similar provision of Title VII, where district court, after trial, "concluded that [plaintiff's] testimony 'constituted an unmitigated tissue of lies'").

We see no abuse of discretion in the district court's decision here. Although the court permitted all of Plaintiffs' claims to go to trial, it ultimately entered judgment as a matter of law in

favor of all Defendants other than Marchese and Moyne, and later awarded attorney's fees only as to various dismissed Defendants. In deciding to award attorney's fees as to the latter, the court noted not only that "there was no evidence whatsoever of unlawful or discriminatory conduct by these defendants," Opinion at 2, but also that "there was *no reference at trial* to most of these individual defendants," Opinion at 3 (emphasis added). Plaintiffs failed, in other words, even to attempt to adduce any evidence that the dismissed Defendants' alleged differential treatment of Plaintiffs was based upon impermissible considerations, an essential element of their selective enforcement claim under 42 U.S.C. § 1983, *see LaTrieste Rest. & Cabaret Inc. v. Vill. of Port Chester*, 40 F.3d 587, 590 (2d Cir. 1994), leaving it within the district court's discretion to conclude that Plaintiffs' allegations had been without substance from the start, *see Gerena-Valentin*, 739 F.2d at 761. The district court's determination that Plaintiffs brought and continued their action against the dismissed Defendants without any arguable basis in fact or law therefore was not an abuse of the court's discretion. *See Shakur*, 391 F.3d at 113.

Plaintiffs nonetheless contend that an award of attorney's fees was inappropriate because their claims as to the dismissed Defendants were "closely intertwined" with the claims against Marchese and Moyne that the court permitted the jury to decide. *See Colombrito v. Kelly*, 764 F.2d 122, 132 (2d Cir. 1985). Plaintiffs further note that their claims included allegations of a conspiracy to deprive them of their civil rights under 42 U.S.C. § 1985, and contend that it was appropriate for them to bring claims against all those potentially involved based on purported circumstantial evidence of a conspiracy. Both arguments are without merit. Conspiracy requires at least a tacit understanding between members of the conspiracy to carry out the prohibited conduct alleged, and Plaintiffs presented not even circumstantial evidence of such an understanding between, on the one

5

hand, Marchese and Moyne, who were alleged to have made bigoted remarks, and, on the other hand, any members of the municipal bodies that made the official decisions complained of in this case. *See Rounseville*, 13 F.3d at 632. Furthermore, neither Marchese nor Moyne were members of those municipal bodies or otherwise had voting power in them, and their status as village officials, standing alone, is insufficient to taint the actions of those bodies. *Cf. Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 786 (2d Cir. 2007). Finally, Plaintiffs' claims against the dismissed Defendants were not "closely intertwined" with meritorious claims in the manner of those in *Colombrito*, where this Court further noted that the plaintiff's continued pursuit of non-meritorious claims even after discovery had turned up no evidence in support of them added little to the overall cost of the litigation. *See* 764 F.2d at 132. Here, the district court's fee determination – which Plaintiffs have not challenged – suggests that the litigation costs of the dismissed Defendants were significant.

We have considered Plaintiffs' remaining arguments and find them to be without merit. For the foregoing reasons, the district court's judgment is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6